**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FEDERATED SERVICE INSURANCE COMPANY, a Minnesota Company,<br><br>                Plaintiffs,<br><br>vs.<br><br>BRILLIANCE MOTOR SALES, INC. an Illinois Corporation, and TERRI SNYDER individually and on behalf of all others similarly situated,<br><br>                Defendants. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Federated Service Insurance Company ("Federated"), by and through its counsel of record, and for its Complaint against Defendants Brilliance Motor Sales, Inc. ("Brilliance") and Terri Snyder, individually and on behalf of all others similarly situated ("Snyder"), states as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Federated and Brilliance. Federated issued Policies to Brilliance that contain a General Liability Coverage Part and a Cyber Coverage Part. In this action, Federated seeks a declaration that it has no duty to defend or indemnify Brilliance under the Policies in connection with the underlying putative class action suit captioned, *Terri Snyder v. Brilliance Motor Sales, Inc.,* filed in the Circuit Court of Cook County, Illinois, bearing Case No. 2023 CH 00410 (the "Snyder Lawsuit").

**PARTIES, JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

1

3. Plaintiff, Federated is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Owatonna, Minnesota.

4. Defendant, Brilliance is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois.

5. Defendant, Snyder, is a citizen of the State of Illinois. Snyder is joined in this suit as a nominal party defendant.

6. The Snyder Lawsuit for which Brilliance seeks a defense and indemnity is a putative class action. The Federated Policies have a Limit of Liability of $500,000 for Personal and Advertising Injury and $1 million in the General Aggregate. They also have a Data Compromise Coverage and Cyber Coverage Annual Aggregate Limit of Liability of $100,000.

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Federated, and Defendants Brilliance and Snyder, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Brilliance, substantially exceeds $75,000.

8. Venue is appropriate under 28 U.S.C. § 1391 because the insured is located in the Northern District of Illinois.

## FACTUAL BACKGROUND

A. The Policies

9. Federated issued the following Commercial Package Policies to Maplewood Motors, LLC:

Policy No. 0697156, effective 9/1/2018 to 9/1/2019;

Policy No. 0697156, effective 9/1/2019 to 9/1/2020;

Policy No. 0697156, effective 9/1/2020 to 9/1/2021;

Policy No. 0697156[1], effective 9/1/2021 to 9/1/2022;

(the "Policies"). A true and correct copy of the Policies are attached hereto as **Exhibits A-D**, respectively.

10. Brilliance Motor Sales Inc. is an additional named insured on the Policies.

11. Federated also issued the following Auto Dealers Policies to Maplewood Motors, LLC:

Policy No. 0697157, effective 9/1/2018 to 9/1/2019;

Policy No. 0697157, effective 9/1/2019 to 9/1/2020;

Policy No. 0697157, effective 9/1/2020 to 9/1/2021;

Policy No. 0697157[2], effective 9/1/2021 to 9/1/2022;

(the "Auto Dealers Policies"). A true and correct copy of the Auto Dealers Policies are attached hereto as **Exhibits E-H**.

12. Brilliance Motor Sales Inc. is an additional named insured on the Auto Dealers Policies.

**B. The Snyder Lawsuit**

13. On or about January 17, 2023, Terri Snyder, individually and on behalf of all others similarly situated, filed a putative class action against Brilliance Motor Sales, Inc. ("Brilliance") in the Circuit Court of Cook County, Illinois, bearing Case No. 23-CH-00410 (the "Snyder Lawsuit"). A true and correct copy of the Snyder Complaint is attached hereto as **Exhibit I**.

---

[1] This Policy was issued to McDaniels Auto Management Company.
[2] This Policy was issued to McDaniels Auto Management Company.

14. The Complaint alleges that Brilliance collects and stores Plaintiffs and other if its employees' fingerprints and requires all the employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

15. According to the Complaint, Brilliance did not obtain Plaintiffs or class members' written consent to capture and store Plaintiffs and class members' biometric data; did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data; did not disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data; and did not disclose to Plaintiff the identities of any third parties with whom Defendant was directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric data.

16. The Complaint contains two counts both alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"). Count I seeks statutory damages of $1,000 for each negligent violation or $5,000 for each willful or intentional violation.

17. Count I alleges violations of Section 14/15(a) of BIPA by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

18. Count I of the Complaint also alleges Brilliance violated Section 14/15(b) of BIPA by collecting, capturing, obtaining and storing Plaintiffs and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that: (a) The biometric data was being recorded, obtained, collected, or stored; and (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored. It further alleges Brilliance violated 14/15(e) of the Act by failing to store class members biometric

data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which the private entity stores, transmits, and protects other confidential and sensitive information.

19. Count II of the Complaint seeks injunctive relief against Brilliance.

20. Brilliance has requested coverage from Federated for the Snyder Lawsuit. Federated contends that it has no obligation to defend or indemnify Brilliance against the Snyder Lawsuit. Accordingly, an actual controversy exists between Federated, on the one hand, and Brilliance, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

### (General Liability Policies - Access or Disclosure Exclusion)

21. Plaintiff adopts and repeats the allegations of Paragraph 1 through 20 as and for Paragraph 21, as though the same were fully set forth herein.

22. The Federated Policies contain an Endorsement titled, "Electronic Data Liability", which provides, in relevant part:

> **B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
> This insurance does not apply to:
> **Access Or Disclosure Of Confidential Or Personal Information**
> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health

5

> information or any other type of nonpublic information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

23. The Snyder Complaint alleges Brilliance collected its employees' fingerprints and thus biometric information in violation of BIPA.

24. Biometric information is personal and/or confidential information.

25. Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal information, and coverage for the Snyder Lawsuit is precluded under the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

26. The Policies consequently do not actually or potentially provide coverage for the Snyder Lawsuit.

27. Accordingly, Federated has no duty to defend or indemnify Brilliance for the Snyder Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Brilliance in connection with the Snyder Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

### (General Liability Policies - Employment Practices Liability Exclusion)

28. Plaintiff adopts and repeats the allegations of Paragraph 1 through 20 as and for Paragraph 28, as though the same were fully set forth herein.

29. The Policies contain an Employment Practices Liability Exclusion, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
> >
> > ***
>
> This exclusion applies:
>
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> >
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> >
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

30. The Snyder Complaint is brought by employees of Brilliance and alleges that Brilliance violated its employees' privacy in their biometric information by requiring them to provide their biometric information for timekeeping purposes in violation of BIPA.

31. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment,

7

discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the Federated Polices by reason of the Employment Practices Liability Exclusion.

32. The Policies, therefore, do not actually or potentially provide coverage for the Snyder Lawsuit.

33. Accordingly, Federated has no duty to defend and indemnify Brilliance for the Snyder Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Brilliance in connection with the Snyder Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III– DECLARATORY JUDGMENT

**(General Liability Policies - Recording and Distribution Exclusion)**

34. Plaintiff adopts and repeats the allegations of Paragraph 1 through 20 as and for Paragraph 34, as though the same were fully set forth herein.

35. The Policies contain the following Exclusion:

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit

8

> Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

36. The Snyder Complaint alleges that Brilliance violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

37. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

38. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Snyder Lawsuit under the Policies.

39. The Policies do not actually or potentially provide coverage for the Snyder Lawsuit.

40. As a result, Federated has no duty to defend or indemnify Brilliance against the Snyder Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Brilliance in connection with the Snyder Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV– DECLARATORY JUDGMENT

### (Autos Dealers Policies– Recording and Distribution Exclusion)

41. Plaintiff adopts and repeats the allegations of Paragraph 1 through 20 as and for Paragraph 41, as though the same were fully set forth herein.

42. The Auto Dealers Policies contain the following Exclusion:

This insurance does not apply to:

**o. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

43. The Snyder Complaint alleges that Brilliance violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

44. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and

additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

45. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Snyder Lawsuit under the Auto Dealer Policies.

46. The Policies do not actually or potentially provide coverage for the Snyder Lawsuit.

47. As a result, Federated has no duty to defend or indemnify Brilliance against the Snyder Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Brilliance in connection with the Snyder Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V– DECLARATORY JUDGMENT

### (Autos Dealers Policies– Employment Practices Exclusion)

48. Plaintiff adopts and repeats the allegations of Paragraph 1 through 20 as and for Paragraph 48, as though the same were fully set forth herein.

49. The Auto Dealer Policies contain an Employment Practices Liability Exclusion, which states:

> This insurance does not apply to:
>
> **p. Employment-Related Practices**
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion,

>
> evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> ***
>
> This exclusion applies:
>
> **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
>
> **(2)** Whether the insured may be liable as an employer or in any other capacity; and
>
> **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

50. The Snyder Complaint is brought by employees of Brilliance and alleges that Brilliance violated its employees' privacy in their biometric information by requiring them to provide their biometric information for timekeeping purposes in violation of BIPA.

51. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the Federated Polices by reason of the Employment Practices Liability Exclusion.

52. The Auto Dealers Policies, therefore, do not actually or potentially provide coverage for the Snyder Lawsuit.

53. Accordingly, Federated has no duty to defend and indemnify Brilliance for the Snyder Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Brilliance in connection with the Snyder Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Federated Services Insurance Company

By: /s/ Kelly M. Ognibene
     One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com